1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT CAVAZOS,<br>CDCR #J-26206,<br><br>                          Plaintiff,<br><br><br><br>                vs.<br><br><br><br><br>Mr. GARZA, CDCR Correctional<br>Officer;<br>Mr. PAYAN, CDCR Correctional<br>Officer;<br>Mr. FLORES, CDCR Correctional<br>Officer,<br><br>                       Defendants. | Civil         12cv3087 MMA (MDD)<br>No.<br><br>**ORDER:**<br><br>**(1)  GRANTING PLAINTIFF'S<br>MOTION TO PROCEED *IN<br>FORMA PAUPERIS,* IMPOSING<br>INITIAL PARTIAL FILING FEE<br>AND GARNISHING BALANCE<br>FROM PRISONER'S TRUST<br>ACCOUNT PURSUANT<br>TO 28 U.S.C. § 1915(a);**<br><br>**[Doc. No. 2]**<br><br>**(2)  DENYING MOTION FOR<br>APPOINTMENT OF COUNSEL<br>PURSUANT TO 28 U.S.C. §<br>1915(e)(1);**<br><br>**[Doc. No. 3]**<br><br>**AND**<br><br>**(3)  DIRECTING U.S. MARSHAL<br>TO EFFECT SERVICE OF<br>COMPLAINT PURSUANT TO<br>FED.R.CIV.P. 4(c)(3)<br>&  28 U.S.C. § 1915(d)** |

26       Robert Cavazos ("Plaintiff"), a prisoner currently incarcerated at Sierra

27   Conservation Center in Jamestown, California, and proceeding *pro se*, has filed a civil

28   rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff claims various Calipatria

State Prison officials violated his Eighth Amendment rights while he was incarcerated there in September and October 2010, by refusing to move him to another cell after he reported a serious water leak.  Plaintiff claims Defendants further refused to provide him with dry linens and clothing, forcing him at one point to sleep "nearly naked under [his] bed."  (Compl. at 3.)  When Defendants again refused to move him four days later and after another rain storm, Plaintiff slipped and fell in the water which has accumulated in his cell, injuring his leg, elbow, and back.  (*Id.* at 4.)  Plaintiff seeks general, compensatory and punitive damages.  (*Id.* at 7.)

Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2], as well as a Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) [Doc. No. 3].

## I.  MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average

1  monthly balance in the account for the past six months, whichever is greater, unless

2  the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The

3  institution having custody of the prisoner must collect subsequent payments, assessed

4  at 20% of the preceding month's income, in any month in which the prisoner's

5  account exceeds $10, and forward those payments to the Court until the entire filing

6  fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

7      In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust

8  account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.

9  *Andrews*, 398 F.3d at 1119.  His trust account statement shows an average monthly

10  balance of $79.31, average monthly deposits of $52.50, and a balance of $80.01 in his

11  account at the time of filing.  Based on this financial information, the Court GRANTS

12  Plaintiff's Motion to Proceed IFP [ECF Doc. No. 2] and assesses an initial partial

13  filing fee of $15.86 pursuant to 28 U.S.C. § 1915(b)(1).

14      However, the Secretary of the Department of Corrections and Rehabilitation, or

15  his designee, shall collect this initial fee only if sufficient funds in Plaintiff's account

16  are available at the time this Order is executed pursuant to the directions set forth

17  below.  See 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be

18  prohibited from bringing a civil action or appealing a civil action or criminal judgment

19  for the reason that the prisoner has no assets and no means by which to pay the initial

20  partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding

21  that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a

22  prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds

23  available to him when payment is ordered.").  The remaining balance shall be

24  collected and forwarded to the Clerk of the Court pursuant to the installment payment

25  provisions set forth in 28 U.S.C. § 1915(b)(1).

26  **II.    MOTION FOR APPOINTMENT OF COUNSEL**

27      Plaintiff requests appointment of counsel because he is "untrained in the law,"

28  expects that "complexities of legal issues will arise," and he will face "obstacles in

3

1   obtaining ... evidence" to support his claims.  *See* Pl.'s Mot. at 5.

2          Nevertheless, "[t]here is no constitutional right to appointed counsel in a § 1983

3   action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v.*

4   *Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust*

5   *Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute

6   right to counsel in civil proceedings.") (citation omitted).  Federal courts do not have

7   the authority "to make coercive appointments of counsel."  *Mallard v. United States*

8   *District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in*

9   *U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

10          Plaintiff is correct to note that districts courts do have discretion, however,

11  pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent

12  civil litigants upon a showing of "exceptional circumstances."  *See Agyeman v.*

13  *Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at

14  1525.  "A finding of the exceptional circumstances of the plaintiff seeking assistance

15  requires at least an evaluation of the likelihood of the plaintiff's success on the merits

16  and an evaluation of the plaintiff's ability to articulate his claims 'in light of the

17  complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting

18  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v.*

19  *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

20          The Court agrees that any pro se litigant "would be better served with the

21  assistance of counsel."  *Rand*, 113 F.3d at 1525 (citing *Wilborn*, 789 F.2d at 1331).

22  However, so long as a pro se litigant, like Plaintiff in this case, is able to "articulate

23  his claims against the relative complexity of the matter," the "exceptional

24  circumstances" which might *require* the appointment of counsel do not exist.  *Id.*

25  (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied

26  appointment of counsel despite fact that pro se prisoner "may well have fared

27  better-particularly in the realms of discovery and the securing of expert testimony.").

28          Plaintiff's Complaint demonstrates his ability to articulate essential facts

supporting his Eighth Amendment claims.  Thus, at least at this initial pleading stage

of the case, the Court finds he appears to have an adequate grasp of the facts

supporting his case as well as the relatively straightforward Eight Amendment issues

involved.  *See Terrell*, 935 F.2d at 1017.  In fact, as discussed below, Plaintiff's

Complaint alleges facts sufficient to survive the initial screening required by 28

U.S.C. §§ 1915(e)(2) and 1915A.  Thus, because Plaintiff has not satisfied the

stringent standards required for an appointment of counsel under 28 U.S.C.

§ 1915(e)(1), Plaintiff's Motion for Appointment of Counsel [ECF Doc. No. 3] must

be DENIED without prejudice at this time.

**III.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The PLRA also obligates the Court to review complaints filed by all persons

proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any

facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of

criminal law or the terms or conditions of parole, probation, pretrial release, or

diversionary program," "as soon as practicable after docketing."  *See* 28 U.S.C. §§

1915(e)(2) and 1915A(b).  Under these provisions of the PLRA, the Court must sua

sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail

to state a claim, or which seek damages from defendants who are immune.  *See* 28

U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir.

2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir.

2010) (discussing 28 U.S.C. § 1915A(b)).

"[W]hen determining whether a complaint states a claim, a court must accept as

true all allegations of material fact and must construe those facts in the light most

favorable to the plaintiff."  *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000); *see*

*also Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that

§ 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  In

addition, courts "have an obligation where the petitioner is pro se, particularly in civil

rights cases, to construe the pleadings liberally and to afford the petitioner the benefit

of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). The court may not, however, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

As currently pleaded, the Court finds Plaintiff's allegations sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1] *See Lopez*, 203 F.3d at 1126-27. Accordingly, the Court further finds Plaintiff is entitled to U.S. Marshal service on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

## IV.   CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1)  [Doc. No. 3] is **DENIED** without prejudice.

2.      Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

3.      The Secretary of the California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the initial filing fee assessed in this Order, and shall forward the remainder of the $350 filing fee by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and shall forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in

---

[1] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12[] motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

1   accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY

2   IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3       4.      The Clerk of the Court is directed to serve a copy of this Order on Jeffrey

4   Beard, Secretary, California Department of Corrections and Rehabilitation, P.O. Box

5   942883, Sacramento, California, 94283-0001.

6       **IT IS FURTHER ORDERED** that:

7       5.      The Clerk shall issue a summons as to Plaintiff's Complaint [ECF Doc.

8   No. 1] upon Defendants and shall and forward it to Plaintiff along with a blank U.S.

9   Marshal Form 285 for each Defendant.  In addition, the Clerk shall provide Plaintiff

10  with a certified copy of this Order  and a certified copy of his Complaint and

11  summons so that he may serve Defendants.  Upon receipt of this "IFP Package,"

12  Plaintiff is directed to complete the Form 285s as completely and accurately as

13  possible, and to return them to the United States Marshal according to the instructions

14  provided by the Clerk in the letter accompanying his IFP package.  Upon receipt, the

15  U.S. Marshal shall serve a copy of the Complaint and summons upon  Defendants as

16  directed by Plaintiff on the USM Form 285s.  All costs of service shall be advanced

17  by the United States.  *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

18      6.      Defendants are thereafter **ORDERED** to reply to Plaintiff's Complaint

19  within the time provided by the applicable provisions of Federal Rule of Civil

20  Procedure 12(a).  *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be

21  permitted to "waive the right to reply to any action brought by a prisoner confined in

22  any jail, prison, or other correctional facility  under section 1983," once the Court has

23  conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and §

24  1915A(b), and thus, has made a preliminary determination based on

25  the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on

26  the merits," the defendant is required to respond).

27      7.      Plaintiff shall serve upon the Defendants or, if appearance has been

28  entered by counsel, upon Defendants' counsel, a copy of every further pleading or

other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED**.

DATED: April 3, 2013

Hon. Michael M. Anello
United States District Judge