# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CAVAZOS,<br><br>  Plaintiff,<br><br>  vs.<br><br>GARZA, et al.,<br><br>  Defendant. | CASE NO. 12cv3087-MMA (MDD)<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR JUDICIAL NOTICE, APPOINTMENT OF COUNSEL, AND INJUNCTION**<br><br>[Doc. No. 23] |

Plaintiff Robert Cavazos, a state prisoner proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1. Plaintiff now moves for a variety of relief, including appointment of counsel. *See* Doc. No. 23. The Court addresses each request in turn.

## REQUEST FOR JUDICIAL NOTICE

Plaintiff requests "judicial notice" of the Court's docket, specifically document numbers 14 through 18. The Court construes this aspect of Plaintiff's motion as a request for a case status update. According to Plaintiff, he has been housed at multiple institutions since August 2013 and suspects that prison officials have not properly forwarded his legal mail. As such, Plaintiff states that he has not yet received "notice" of these documents and is uncertain regarding the status of his motion for an extension of time to respond to Defendants' pending motion to dismiss.

1  The current record of this action shows that on July 31, 2013, Defendants filed
2  a renewed Certificate of Service demonstrating service of their pending motion to
3  dismiss upon Plaintiff at his correct mailing address. *See* Doc. No. 14.  On August
4  22, 2013, the Court issued an order accepting Plaintiff's motion for an extension of
5  time to file an opposition to the motion to dismiss, despite several discrepancies with
6  the document. *See* Doc. No. 15. Upon filing, the motion was docketed as document
7  number 16. *See* Doc. No. 16. On August 26, 2013, the Court issued an order
8  granting the motion and extending Plaintiff's time to file an opposition to September
9  30, 2013. *See* Doc. No. 17. On August 28, 2013, the Court received and filed
10 Plaintiff's Notice of Change of Address. *See* Doc. No. 18. On September 23, 2013,
11 the Court received and filed Plaintiff's timely response in opposition to Defendants'
12 motion to dismiss. *See* Doc. No. 19.  Defendants filed a reply, and the Court has
13 taken the matter under submission and will issue a written ruling. *See* Doc. No. 20.

## APPOINTMENT OF COUNSEL

15  When he commenced this action, Plaintiff moved for appointment of counsel.
16 *See* Doc. No. 3.  The Court denied Plaintiff's motion without prejudice, explaining
17 that pursuant to 28 U.S.C. § 1915(e)(1), the Court may request that an attorney
18 represent an indigent civil litigant upon a showing of "exceptional circumstances."
19 *See* Doc. No. 4, citing *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101,
20 1103 (9th Cir. 2004).  "A finding of the exceptional circumstances of the plaintiff
21 seeking assistance requires at least an evaluation of the likelihood of the plaintiff's
22 success on the merits and an evaluation of the plaintiff's ability to articulate his
23 claims 'in light of the complexity of the legal issues involved.'" *Id*., citing
24 *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331
25 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).
26  Plaintiff once again moves for appointment of counsel, however the
27 procedural posture of this case remains such that a finding of exceptional
28 circumstances warranting the appointment of counsel would be premature.

1  Defendants have filed a motion to dismiss challenging the plausibility of Plaintiff's
2  claims, which the Court has yet to consider.  *See* Doc. No. 11.  In the meantime,
3  Plaintiff successfully prepared and filed an opposition to the motion without the
4  assistance of counsel.  *See* Doc. No. 19.
5       Plaintiff argues that assistance of counsel is necessary based on new
6  circumstances.  According to Plaintiff, prison officials are impeding his access to
7  incoming legal mail and interfering with his outgoing legal mail.  Plaintiff asserts
8  that it is difficult to articulate his claims and litigate this action based on the
9  mishandling of his legal mail.  Plaintiff also expresses concern about participating in
10 discovery if the interference with his legal mail continues.  The institutional
11 constraints placed on an incarcerated individual's receipt and delivery of legal mail
12 undoubtedly create a unique challenge during litigation.  However, such restrictions
13 are necessary in the penological environment to ensure the safety of both prisoners
14 and prison officials.  The assistance of counsel would not excuse Plaintiff from these
15 restrictions, and would likely have no substantial effect on the internal processing of
16 his legal mail by prison officials.
17      Accordingly, the Court declines to appoint counsel to represent Plaintiff in
18 this action at this time and **DENIES** this aspect of his motion without prejudice.

19 **INJUNCTIVE RELIEF**

20      Plaintiff is currently housed at Sierra Conservation Center.  Based on his
21 concerns regarding the mishandling of his legal mail, Plaintiff moves for an order
22 enjoining the California Department of Corrections and Rehabilitation ("CDCR")
23 from transferring him to Calipatria, Centinela, or Ironwood State Prisons.  Centinela
24 is the institution where Plaintiff experienced difficulty receiving and sending legal
25 mail, and the other two prisons are in the same region.
26      As an initial matter, the Court notes that Plaintiff does not have a
27 constitutional right to incarceration in a prison of his choice.  *Pratt v. Rowland*, 65
28 F.3d 802, 806 (9th Cir. 1995).  More importantly, the Court lacks authority to issue

1  an order against an entity or individual who is not a party to the suit pending before it. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969). The defendants in this action were correctional officers employed at Calipatria State Prison in 2010. Plaintiff is no longer housed at Calipatria, however, and the Court does not have jurisdiction over any official who could appropriately respond to a court order granting Plaintiff the relief he seeks. And any generalized injunctive relief in this action against the CDCR would not comply with the requirements of the Prison Litigation Reform Act. *See* 18 U.S.C. § 3626(a)(1)(A) ("[T]he court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.").

In addition, Plaintiff's requested injunctive relief does not relate to his claims in this action. A court may not issue an injunction in "a matter lying wholly outside the issues in the suit." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). Here, Plaintiff alleges violations of his Eighth Amendment right to be free from cruel and unusual punishment arising out of his conditions of confinement. Subsequent handling of his legal mail constitutes a separate matter, implicating a different set of constitutional rights.

Accordingly, the Court **DENIES** Plaintiff's motion for injunctive relief.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's motion in substantial part.

**IT IS SO ORDERED**.

DATED: October 25, 2013

*[signature]*

Hon. Michael M. Anello
United States District Judge